**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-270-RBJ

**UNITED STATES OF AMERICA**

        Plaintiff(s),

v.

1. Adam M. Hausman

        Defendant(s).

---

**DEFENDANT ADAM HAUSMAN'S MOTION FOR VARIANT SENTENCE**

---

Mr. Adam Hausman Jr, through counsel Patrick L. Ridley of the law firm of Ridley, McGreevy & Winocur, P.C., respectfully submits his Motion For Variant Sentence based on 18 U.S.C. § 3553(a). In support thereof, Mr. Hausman states as follows:

### I.    Introduction

In determining an appropriate sentence, this Court must consider the guideline range and the statutory factors under 18 U.S.C. § 3553(a) that apply to the individual circumstances related to a particular defendant. This Court may consider all of the characteristics of the offender and circumstances of the offense to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing. *Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). Judges "may vary [from Guidelines ranges] based solely on policy considerations, including disagreement with the

Sentencing Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks omitted). After calculating and considering the advice of the guidelines, this Court must then turn to an "individualized assessment" of the case "based on the facts presented." *Gall,* 552 U.S. at 597. That assessment must be conducted within the mandatory framework of 18 U.S.C. § 3553(a).

## II.   The 18 U.S.C. § 3553(a) Factors

Under 18 U.S.C. § 3553(a), a variant sentence will be "sufficient, but not greater than necessary" to comply with the purposes set forth under Section 3553(a).

### 1.   History and Characteristics of the Defendant

This is Mr. Hausman's first criminal conviction other than hunting, driving and other "zero-point" infractions. Mr. Hausman is 45 years old. He is married but currently separated from his wife. He and his wife have two daughters. During the charged time frame at issue in this case, Mr. Hausman's wife was diagnosed with cancer that culminated in a double mastectomy. Although his wife has been in remission since 2016, the Hausmans continue to owe a substantial sum for medical bills. Mr. Hausman's wife has seldom worked outside of the home.

Mr. Hausman was the oldest of 4 children. He moved around a lot as a child because his father worked on hydroelectric dams and the family had to follow his work. The family often moved one or two times a year causing Mr. Hausman and his siblings to change schools frequently. The family lived in an Airstream recreational vehicle and Mr. Hausman would have to share a mattress with his siblings.

Mr. Hausman and his brother Benjamin were physically beat by their father on a regular basis. Mr. Hausman endured constant physical abuse. Prior to turning ten years

old, Mr. Hausman's father would routinely whip him with a belt; after he turned 10 or so his father would simply punch him in the face and body. Mr. Hausman recalls that the first time his father physically hurt him was when he was around six years old, after his dog got into the family dinner. His father pulled down his pants and badly whipped him with a belt. Following the whipping his father took the dog outside, shot the dog in the head and ordered Mr. Hausman to dig a hole and bury the dog. The defendant left his home at the age of 16. Since leaving home, Mr. Hausman has been estranged from his family.

Attempts by counsel to confirm the alleged physical abuse have not met with success because counsel has been unable to communicate with family members of Mr. Hausman. Mr. Hausman's siblings, uncles and cousins refused to be interviewed by counsel either for fear of retribution from Mr. Hausman's father or just not wanting to get involved. Undersigned counsel attempted to have Mr. Hausman evaluated for what appears to be post-traumatic stress disorder condition, but without third party support for the underlying traumatic events, the forensic psychiatrist who initiated the evaluation of Mr. Hausman was uncomfortable making a diagnosis.

Mr. Hausman possesses an extremely avoidant personality. For many, many years he avoided paying his taxes. He has, at various times, avoided sharing important information to his wife and family relating to this case. He has attempted, at times, to avoid the unpleasant realities of this case. This avoidance caused him to leave his house at the age of 16, contributed to his non-payment of taxes and explains why he is willing to risk extreme, negative consequences by not facing his problems and dealing with those problems. Problems that are avoided, are compounded. By avoiding his

problems with the I.R.S., Mr. Hausman eventually compounded those problems by obstructing and impeding the I.R.S.'s attempts to collect those taxes.

## 2. The Nature And Circumstances Of The Offense

Mr. Hausman has pled guilty to a one count Information charging Obstructing and Impeding the Administration of the Internal Revenue Laws in violation of 26 U.S.C. Section 7212(a). The relevant facts are set forth in both the plea agreement [Doc. 12] and the PSI [Doc. 14]. In a nutshell, Mr. Hausman, who has been self-employed his entire adult life, specializing in concrete and framing work, has only filed three U.S. Individual Income Tax Returns since 1999, has filed multiple false returns wherein he failed to disclose all of his assets or did not report all of his income or simply failed to file individual or corporate returns. Additionally, Hausman kept assets out of the reach of the IRS by operating his business using cash.

Mr. Hausman has stipulated to restitution in the amount of $448,794.

## 3. The Purposes Of Sentencing

Under 18 U.S.C. §3553(a)(2), a defendant's sentence should be designed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

Mr. Hausman agrees that a prison sentence is appropriate in order to reflect the serious nature of the offense, to promote respect for the law, to provide just punishment and to provide a deterrence to criminal conduct.

Mr. Hausman has no criminal history of significance, is not a violent man, does not pose a threat to the public and there is no need to protect the public from anything he does. There are no members of the public that are victims in this case. Thus, protecting the public is not a factor that has any applicability here.

Mr. Hausman is not in need of educational or vocational training, medical care or other correctional treatment.

### 4.     The Kind Of Sentences Available

Mr. Hausman understands that he will be sentenced to prison to serve a custodial sentence.

### 5.     The Need To Avoid Unwanted Sentencing Disparities

This factor does not apply as there are no co-defendants

### 6.     The Need To Provide Restitution

Mr. Hausman intends to pay the IRS back for taxes he owes.

### III.     Grounds for a Variant Sentence

Mr. Hausman asks the Court to sentence him to a variant sentence below the 18 months recommended by both the Probation Department and the U.S. Attorney's Office. This request is made in recognition that it is likely that Mr. Hausman suffers from PTSD[1] as a consequence of the beatings he took as a child[2]; that his wife, who has been almost entirely reliant on Mr. Hausman's income is currently unemployed and lacking

---

[1] *See* Section 5K2.13, U.S.S.G.
[2] Undersigned counsel is not a psychiatrist and therefore is not in the business of diagnosing clients. Nevertheless, a close examination of the diagnostic criteria for PTSD and two years of representing Mr. Hausman leads counsel to believe that he has suffered from serious trauma, and that that trauma contributed to his avoidance of his tax obligation.

skills to make a reasonable income while Mr. Hausman is in jail[3], and Mr. Hausman has done all he can to quickly resolve this matter and minimize the time required by agents, prosecutors and the Court.  (The sentencing hearing will be the third court appearance in this case.)

A court may depart from the applicable guideline range based on a combination of two or more offender characteristics or other circumstances, none of which independently being sufficient to provide a basis for departure, only if:

(1) such offender characteristics or other circumstances, taken together, make the case exceptional; and

(2) each such offender characteristic or other circumstance is

(A) present to a substantial degree; and

(B) identified in the guidelines as a permissible ground for departure, even if such offender characteristic or other circumstance is not ordinarily relevant to a determination of whether a departure is warranted.  *See e.g. United States v. Decora*, 177 F.3d 676 (8th Cir. 1999) (although court relied for downward departure on factors not ordinarily relevant—education, employment record, family and community responsibility—these factors were present in an unusual degree not adequately taken into consideration by the Sentencing Commission).

---

[3] *See* Section 5H1.6; *United States v. Reyes-Rodriguez,* 344 F.3d 1071 (10th Cir.2003)( to qualify for a departure based on family ties and responsibilities, Defendant must be the only individual able to provide the assistance to the family member needs.)

## IV. Conclusion

Mr. Hausman respectfully moves this Court to impose a variant sentence below 18 months based on all of the factors set forth in 18 U.S.C. §3553(a) as provided above.

Respectfully submitted this 4th, day of December, 2019

*/s/ Patrick L. Ridley*
Patrick L. Ridley
Ridley, McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, Colorado  80202
Telephone: (303) 629-9700
Fax:  (303) 629-8702
Email ridley@ridleylaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 4th day of December, 2019 I served a true and correct copy of the foregoing **DEFENDANT ADAM HAUSMAN'S MOTION FOR VARIANT SENTENCE** electronically with the clerk of the court via the CM/ECF system to all interested parties:

Tim Neff
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403

                *s/Heather Grant*
                Heather Grant, Legal Assistant
                Ridley, McGreevy & Winocur
                303 16th Street Suite 200
                Denver CO 80202
                Telephone: (303) 629-9700
                Facsimile: (303) 629-9702
                Email: grant@ridleylaw.com